[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Richard S. Mackin, Sr., has brought this action against the Town of Griswold, Paul Brycki, First Selectman, Steven Mikutel, Second Selectman, William Stetson, Third Selectman, Mary Ellen Miller, Treasurer and VMS, a sewer line contractor. The plaintiff claims that the defendants, the town officials, were without legal authority to contract for the sewer line expansion project along Route 184 in the Town of Griswold without the approval of the citizens in the Town of Griswold at a duly called town meeting.
The defendants included a line item in the amount of $600,000.00 for the sewer line expansion project along Route 164 in the Town of Griswold and the proposed annual budget for the Town for the fiscal year 2000-2001. At a town meeting, notice to act upon the proposed budget for that fiscal year, the citizens voted to delete the amount of $600,000.00 for the sewer line expansion project. On July 25, 2000, at a town referendum, the citizens approved the budget which had eliminated the $600,000.00. There is no appropriation of monies in the current budget of the Town to fund the sewer line expansion along Route 164. The plaintiffs further claim that the defendants are without legal authority to obligate the citizens to pay for the sewer line. The plaintiff claims to be aggrieved by the action of the defendants. The plaintiff claims that he does not have an adequate remedy at law to prevent the defendants' unlawful conduct and claims that he and the citizens will suffer irreparable harm unless the defendants are enjoined from proceeding with the sewer line expansion project. He also claims that the defendant, Paul Brycki, is personally responsible for repaying such funds to the town treasury pursuant to the provisions of Connecticut General Statutes § 7-104. The plaintiff prays for a declaratory judgment holding that the defendants are without legal authority to contract for the sewer line expansion and a declaratory judgment holding that the defendants are without legal authority to contract for the sewer line expansion and a declaratory judgment holding that the defendants had no authority to obligate the Town to pay for the sewer line. He also claims that temporary and permanent injunction enjoining all of the defendants from contracting for the sewer line project and an injunction enjoining the defendants from disbursing any finds for the project and also enjoining the defendants from proceeding in any manner with the sewer line expansion project which would involve the expenditure of town funds.
 Facts
CT Page 8123
In 1999, the voters of the Town of Griswold approved a budget for fiscal year 1999-2000 that included $750,000.00 for a sewer line along Route 164. The sewer appropriation was expressly designated as a capital expense in the budget. As of June 30, 2000, the end of the fiscal year, only a small portion of the allocation had been used according to testimony of various defendants. Prior to June 30, 2000, the Griswold Board of Finance prepared a draft budget for the fiscal year 2000-2001. In that draft budget, the Board unnecessarily and mistakenly included an appropriation for the uncompleted work on the sewer project. There was no actual need for such a appropriation because sufficient funds for the project already remained in the capital expense budget from the 1999-2000 fiscal year. Those remaining funds were available for encumbrance at the end of the fiscal year, and they were, in fact encumbered at that time. If a separate appropriation had been made for the sewer project in the 2000-2001 budget, that appropriation would have been over and above the monies appropriated in the capital expense fund for the project and would, therefore, have been a surplusage. Consequently, the extra appropriation in the 2000-2001 draft budget was deleted from the final budget as ultimately adopted by the voters. The sewer project is 70% complete. According to the first selectman, stopping the project at this time would cause severe financial and practical problems for the Town.
The plaintiff offered no explanation as to how he would be irreparably harmed by the completion of the project other than to say that monies of the tax payers would be expended and could never be recovered.
 Discussion
The defendants claim that the plaintiff's legal claims are frivolous. In order to prevail upon his application for a temporary injunction, the plaintiff must establish (1) a reasonable degree of probability of success on the merits of his claim; (2) irreparable harm with no adequate remedy of law; and (3) that the harm likely to be suffered by the plaintiff is greater than that which will result from the interference with defendants' operations occasioned by the injunction. Waterbury TeacherAssociation v. F.O.I.C., 230 Conn. 441, 446 (1994). The plaintiff fails the first test because according to the defendant his claims are frivolous. Chapter 108 (§§ 7-359 through 7-368) of the Connecticut General Statutes expressly authorizes a town to establish a reserve fund for capital and nonrecurring expenditures. Connecticut General Statutes § 7-364 states that such funds may be used only for specific capital improvements or acquisitions of "specific" equipment.
The statute states "upon approval [by the legislative body] of any such expenditure an appropriation shall be set up, plainly designated for the project or acquisition for which it has been authorized, and suchCT Page 8124unexpended appropriation may be continued until such project oracquisition is completed. Any unexpended portion of such appropriation remaining after such completion shall revert to said reserve fund."
The whole purpose of the reserve fund is to allow towns to finance projects that may not be completed within a single fiscal year. Otherwise, towns would not be able to enter into contracts for projects that might last longer than the fiscal year, because a town could not guarantee that the necessary funds would be appropriated on an annual basis. The voters of the Town approved a 1999-2000 budget that, in compliance with Connecticut General Statutes § 7-364, designated the Route 164 sewer line extension as a specific capital improvement to be funded. Having done so, the appropriated funds not used in the fiscal year automatically carried over to the next fiscal year to allow the project to be completed. There is no legal need for a new appropriation in the 2000-2001 budget. The court agrees with the defendants' contentions in this regard and finds that the appropriate funds not used during the previous fiscal year automatically carried over to the next fiscal year and that there was no need to for a new appropriation in the 2000-2001 budget.
The defendant also claims that the plaintiff has failed to prove standing or irreparable harm. The plaintiff offered no evidence to prove standing or irreparable harm. To have standing as a tax payer, to challenge a municipal action, a plaintiff must demonstrate that the project at which he complains has directly or indirectly increased his taxes or otherwise caused irreparable injury. Sadlowski v. Town ofManchester, 235 Conn. 637-647 (1995).
In the present case, the expenditures of which the plaintiff complains are made from the prior fiscal year and appropriation that he does not challenge. He admits that no additional funds were added in the 2000-2001 fiscal year consequently his taxes would not have increased. The plaintiff has, therefore, failed to prove either standing or irreparable harm.
Finally, the equities favor the defendant. The court should not grant a temporary injunction unless the plaintiff shows that the harm he is likely to suffer is greater than the harm the injunction would cause to the defendant. Waterbury Teacher Association v. F.O.I.C., supra,230 Conn. 441-446 (1994). In this case, the plaintiff offered no testimony at all to suggest how he might be harmed if the sewer project is not stopped. On the other hand, the first selectman testified that halting the project when it is 70% completed would cause chaos. In this case, the plaintiff has known about the sewer project for many months yet he delayed filing this lawsuit until the project was nearing CT Page 8125 conclusion. Therefore, the plaintiff's request for injunctive relief is barred as well by the doctrine of laches.
The court, therefore, finds that the equities favor the defendants and orders that the plaintiff's application for a temporary injunction and declaratory judgments be denied.
 ___________________ D. MICHAEL HURLEY, JUDGE TRIAL REFEREE